* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

munity for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The district court did not abuse its discretion in determining attorneys' fees because it determined a reasonable award based on a 2006 survey of legal rates charged by thirty-three large law firms in San Francisco and copies of bills actually paid by Valero.

AFFIRMED.

**Zaruhi GHARAGYOZYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–74613.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

R.App. P. 34(a)(2).

Zaruhi Gharagyozyan, Pasadena, CA, pro se.

Robert N. Markle, Esq., John C. Cunningham, Esq., DOJ–U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esq., Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Zaruhi Gharagyozyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) and we deny the petition for review.

The BIA upheld the IJ's adverse credibility based upon discrepancies between Gharagyozyan's airport interview and her subsequent testimony regarding the reason she fled Armenia and her subjective fear of persecution. While statements given during airport interviews are not always valuable impeachment sources, *see Singh v. INS*, 292 F.3d 1017, 1021–24 (9th Cir.2002), Gharagyozyan had an Armenian interpreter and the record contains sufficient information about the circumstances under which the interview was conducted to ensure the accuracy and completeness of Gharagyozyan's statement. *See Li*, 378 F.3d at 962–63. Accordingly, the BIA could rely on the sworn interview statement as an impeachment source. *See id.* at 963. Because the inconsistencies regarding her subjective fear and her flight from Armenia go to the heart of Gharagyozyan's claim, substantial evidence supports the adverse credibility finding. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.